IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL DUANE MOLL, )<br>)<br>Defendant. ) | Case No. 21-cv-198-DWD |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Defendant Michael Duane Moll has filed a pleading purporting to be a petition for removal of a criminal case, Case No. 2020CF2744, pending in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois. (Doc. 1). Public records reflect that Moll is charged with a felony violation of the Sex Offender Registration Act, 730 ILCS 150/3(a). Title 28, United States Code, Section 1455 allows a criminal prosecution initiated in state court to be removed to federal court in certain limited circumstances. Summary remand of a criminal prosecution is required "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted." 28 U.S.C. § 1455(b)(4).

Moll's petition is defective on its face. Procedurally, a notice of removal under § 1455 must be accompanied by a "copy of all process, pleadings, and orders served upon" the removing defendant. 28 U.S.C. § 1455(a). Moll did not include any such attachments with his petition. A notice of removal also must be filed no "later than 30 days after the

arraignment in the State court, or at any time before trial, whichever is earlier." 28 U.S.C. § 1455(b)(1). Public records reflect that Moll was arraigned on December 22, 2020, but he did not file his notice of removal until February 19, 2021. He does not provide good cause for this delay, and his petition is untimely as a result.

Even if Moll complied with the procedural requirements of § 1455, his petition fails to provide a proper basis for his prosecution proceeding in federal court. While § 1455 provides the procedure for removing cases, it does not provide a right to do so. There are statutes that allow state court prosecutions to proceed in federal court, but Moll does not demonstrate that any such statute applies to this action. For example, 28 U.S.C. §§ 1442 and 1442a allow for removal of criminal cases, but only for defendants who are employed as federal officers or are members of the armed forces. Moll does not claim to fall into either category.

Similarly, § 1443 provides a basis for removal of state criminal cases if the action involves certain civil rights:

> Any of the following … criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the court of such State a right under any law providing for the equal civil rights of citizens of the United States, or all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. For purposes of proceeding under the first subsection, a law providing for equal civil rights is "any law providing for specific civil rights in terms of racial equality." *Georgia v. Rachel*, 384 U.S. 780, 792 (1966). Moll does not point to any civil right related to racial equality as a basis for removal, so § 1443(1) does not provide him with an avenue for removal. Additionally, the Supreme Court has held that "the second subsection of § 1443 confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood, Miss. V. Peacock*, 384 U.S. 808, 824 (1966). Because Moll is not a federal officer or agent or an individual authorized to act with or for them, § 1443(2) also does not permit him to proceed in this Court.

Given that Moll's petition is silent as to a valid basis for allowing his prosecution to proceed in federal court, the Court finds that it must be summarily remanded. Even if there was such a basis, the petition is procedurally deficient because Moll did not attach the required pleadings to his untimely filed petition. For all these reasons, the Court **ORDERS** that, pursuant to 28 U.S.C. § 1455(b)(4), this case is **SUMMARILY REMANDED** to the Circuit Court for the Third Judicial Circuit, Madison County, Illinois. The Clerk of Court is **DIRECTED** to transmit a certified copy of this Order to the clerk of the state court and to **CLOSE** this case.

**SO ORDERED.**

Dated: February 23, 2021

---

DAVID W. DUGAN
United States District Judge